IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 15-180-1 |
| KHALIL SMITH | : |

## ORDER

**AND NOW**, this 5th day of December, 2016, upon consideration of Defendant Khalil Smith's renewed "Motion to Dismiss Certain Counts for Lack of Jurisdiction" (doc. no. 562) and the Government's response thereto, I find the following:

1. Defendant renews his motion to dismiss certain counts of the Superseding Indictment for lack of jurisdiction. In his renewed motion, Defendant partially incorporates legal arguments made in his original motion but focuses on his argument that prosecution of alleged home invasions and/or robberies of drug dealers are matters "best left to state authorities." Defendant points to language from United States v. Walker, 657 F.3d 160, 184 (3d Cir. 2011), contending the United States Court of Appeals for the Third Circuit cautioned federal prosecutors against prosecuting "fairly garden-variety robber[ies]" under the Hobbs Act. (Mot. at 5-6.)

2. I will deny Defendant's renewed motion on the same grounds that I denied his original motion. Additionally, I find that Defendant's reliance on Walker is misplaced. In Walker, the Third Circuit did not caution federal courts against hearing certain robbery cases charged as Hobbs Act violations, but rather cautioned prosecutors against charging those cases as Hobbs Act violations. There is nothing in

Walker that suggests I can evaluate the Hobbs Act violations charged and then freely dismiss charges that I believe are "garden variety."

**WHEREFORE**, it is hereby **ORDERED** that Defendant's renewed "Motion to Dismiss Certain Counts for Lack of Jurisdiction" (doc. no. ~~362~~ 562) is **DENIED**. The Clerk of Court is directed not to terminate this motion, as the remainder of the motion remains active.

**BY THE COURT:**

_____
Mitchell S. Goldberg, J.